Good morning, if it pleases the Court. My name is Irving Meyer. I represent Mr. Pickett, who was a 35-year employee of NBC, worked in the production department. Frankly speaking, I don't know why I'm even here before this Court. We should be in State Court, but for some reason they thought that they would get a better decision in Federal Court, so they kind of sneaked in the back door to argue this case. Not that I don't mind being here, but... What have you appealed to me? I'm sorry, sir? What claims have you appealed to me? The fact that this here arbitration clause in this C, Collective Bargaining Agreement, is just as simple as could be, and it says... Are you arguing an interpretation claim there? Exactly, Your Honor. Did you claim... It seemed to me you had two claims. I'm just trying to figure out what you really brought before me. One was the interpretation, I got that one. What about, did you bring a subject matter jurisdiction claim before me? No, I don't think so. I mean... You agree that there is subject matter jurisdiction over your claim in the Federal Court? Oh, I'm sorry. I do not agree with that. There is no subject matter jurisdiction. It's just a procedural, they brought it as a procedural matter. This case should be in State Court. You didn't ask, you didn't answer my question. I'm sorry. Do I have subject matter jurisdiction in Federal Court to consider this case? I will agree that you do. You say I do? You do. So if I have subject matter jurisdiction in this court to consider this case, do you have a failure to state a claim case in front of me? Yeah, the... What claim did they fail to state? They failed to state the claim that the collective bargaining agreement says that my client has to arbitrate his dispute for disability and age discrimination as opposed to being able to go before a court. So that's the essence of the case. So an interpretation of the collective bargaining agreement. That... So your position is that section, I guess it's 20.1, which is the dispute resolution provision, doesn't require or isn't applicable to the Cal FIHA claim that your client is bringing to the discrimination claim. That's correct. Is that the gist of your argument? Yes, Your Honor. Okay. And simply because it uses the word may continuously in describing whether my client is required to go to arbitration. So the district court says its interpretation was that the use of the word may meant that an employee could elect to bring a grievance, didn't have to bring a grievance or a claim. But if it did, then the arbitration was the sole and exclusive procedure for resolution of such claims. What's your response to that? My response is that that's not what the arbitration clause says. It's one sentence. It's one sentence. And I've highlighted it a couple of times. But it says simply that any aggrieved employee shall not file, no, I'm sorry, that's not the one that I was looking at. It stated that the employee may go to arbitration. It didn't say the employee shall go to arbitration. And that is the point. What counsel, what NBC is saying, let's not look at those little words like shall. Let's look at the context of the whole collective bargaining agreement. Well, that's, to me, that's so contrary to all law, including Supreme Court law, that talks that it should be clear and unmistakable the provision whether you go to arbitration or not. So if it's clear and unmistakable, the only words that could be clear and unmistakable is shall or may. And their clause says may go to arbitration. It doesn't say shall. And that word is not like it came out of, well, it's like a surprise or something, because through a good part of this here collective bargaining agreement, you see the word shall, shall, shall. I mean, it was like. One of the arguments that opposing counsel makes is that the provision incorporates by reference the mandatory dispute resolution program called solutions, and then they point to some language in solutions which says covered employees in the company are not allowed to litigate a covered claim in any court. So that, they say, shows that it is the exclusive forum. Yeah, but that's for that, what they do is, that's just for that DRP program. My client never went into the DRP program. He never, he didn't file a grievance. He didn't do anything. So his only, his remedy is to go, is to abide by what the collective bargaining agreement says, which is he may go to arbitration. So your view is if an employee has a complaint regarding, for example, employment discrimination under Section 2.1, the employee can either elect to go to court, to state court and bring that claim, or the employee can elect to trigger the internal dispute resolution procedure. Is that your view? Yes, Your Honor. Okay. That's right. Thanks. And so he chose to go to court, and that's what it says he's entitled to. And to, for NBC to now say, well, let's not just look at this here clause here. Let's look at the whole, the whole agreement. Let's take it in the context of the whole agreement. Well, that's contrary to the very idea of a clear and unmistakable, unmistakable, that the clause is not clear and unmistakable. Obviously, if you've got to go through and take everything into context, then that clause is not clear and unmistakable. And that's what the Supreme Court and all the other courts are looking at, because, you know, frankly speaking, you've got to, you know, a gentleman who's a worker, he's at a big disadvantage to a big corporation. They're the ones who put this language together. They should be responsible for it. Do you want to save some time for rebuttal? Let me ask you one question, folks. Of course. Of course. If you believe this should be in state court. Yes. And you believe that we have jurisdiction. Why didn't you appeal the district court's ruling on the Colorado River Doctrine? You know, your understanding of the law is just way beyond my understanding. I'm sorry, Your Honor. I mean, I was just. You're agreeing with me. You did not appeal. I didn't appeal it. And, you know, frankly speaking, I just think that, you know, their form shopping should be punished in some way. I mean, they even admitted, the judge made them admit that they were form shopping to say, oh, we're in front of this federal court because the state court doesn't know what they're talking about. Well, but as you know, the Colorado River Doctrine talks about foreign shopping as one of the factors that one might use in considering whether to use it or not. But there are other factors there. And the district court, as I understand it, said, yeah, they're form shopping. But on all other factors, they said not necessary. I understand. I'm not arguing that. I mean, when we get down to it, is it shall do it? What you're really arguing is what Judge Acuta's been questioning you about. Exactly. It's shall or may. All right. I appreciate that. We'll give you a minute for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Pickett has, I think, a bit overreached on how he characterizes what we are saying in this case about interpreting this agreement. We're not saying, oh, just look at the entire agreement. It's pretty clear in Article 20, 20.1, what it is that the covered employees under a CBA, under this CBA, are required to do. And I think it's important to take a look at it. Yes, may is used in there. And yes, I am saying, or my client is saying, that that word has to be examined in context in order to avoid what otherwise would be an absurd interpretation. Getting locked into the words may versus shall in this context is almost like saying, so he lost before the district court, so he may take the appeal as he did before the Ninth Circuit. But since it's permissive, that means he can also choose to disregard the district court's decision and go on and proceed in the state court action. That's almost what counsel was saying here, Your Honor. I think if you look, in fact, at the governing provision, it makes it very clear. It states an employee covered by the collective bargaining agreement may request that the union file a grievance on its behalf. And if the union chooses to do so, or if the employee fails to timely present the grievance, then the employee does have an option. And that option, if it's, again, involving a claim for discrimination under Article 2.1 of the CBA, has to then proceed the way it's set out further in this section. And it makes it clear, and I apologize that my glasses are not really prescribed correctly for me, so give me just a moment. In the event the union does not file such a grievance within the time limit set forth in this section, whether because the employee does not request that such a grievance be filed within the time limit or otherwise, or does not refer such a timely filed grievance to arbitration pursuant to 20.6, the aggrieved employee may submit his or her claim to the company's mandatory dispute resolution program, provided such claim complies with the program. And then it goes on to say, and this is the part counsel hasn't said anything about at all, the process described in this paragraph shall provide the sole and exclusive procedure for resolving or resolution of such claims. And neither, if that wasn't clear enough, it goes on to say, and neither the union nor any aggrieved employee may file an action or complaint in court on any claim that arises under the nondiscrimination clauses of Section 2.1, having expressly waived the right to so file. Well, Your Honor, that language goes more than satisfying the clear and unmistakable standard that the Supreme Court set out in Pryatt v. 14 Penn Plaza. I can't think of a more clear way to state what it says, what it means. And I believe that getting myopically caught up into the use of the words may in this case really goes beyond what even other courts have rejected out of hand before Pryatt. Cases that are cited at page 19 of my brief, I don't have them handy, but where the courts have said, look, you can't just look at me and then all of a sudden assume that it opens the door to an option at the discretion of a party, if in context it's clearly intended to indicate otherwise. And that's what I'm suggesting to this court, saying to this court. Let me question you about something that's been of some worry to me. It's my understanding you'd never have sought to remove this case from state court? That's correct, Your Honor. Why? Removal in this case, Your Honor, would have been, in my view, improper. And I think because the plaintiff is always, of course, the master. Because the claims were all state claims? That's correct, Your Honor. That's correct. All right. So did you ever raise that this needed to be arbitrated in state court? Yes, Your Honor. That was alleged as a first affirmative. That was an affirmative defense. Yes. But did you ever make a motion? In state court, no, Your Honor. Why? I explained this also to Judge Kronstad. And the short answer, Your Honor, is I had to make a decision as to which forum I thought would better serve my client's interest in getting this resolved quickly. Well, let me ask you another question, then, that I can maybe help myself. You agree that you could have made a motion in state court under 301 to arbitrate? Yes, Your Honor. You just elected to do it here? Before the district court, yes. Could you have filed this action in federal court under the FAA? I would say that many employment lawyers in this context do. The Supreme Court has yet to rule, even though they've kind of alluded to it. They have never expressly ruled on whether enforcement of an arbitration provision in the collective bargaining agreement, otherwise covered by Section 301, can also be filed under the Federal Arbitration Act. We chose to pursue both jurisdictional bases. I understand that. But my worry about that is this. There's no question you tried to get jurisdiction in this court, in the state court, by dismissing, by asking to dismiss one of the defendants. So, therefore, you would have had diversity jurisdiction, but you lost that motion, right? That's not correct, Your Honor. I know that's how Pickett's attorney characterized it. We demurred to claims against the individual defendant because the claims against the individual defendant for harassment failed on its face, in our opinion. The judge didn't agree. We accepted the judge's ruling for that purpose. Okay. But the thing that worries me about this is this. So you didn't seek to remove because you really couldn't. You didn't ask to have it arbitrated in state court, though you could have. You couldn't get out of the jurisdiction of the state court because you had a defendant in there who was of the same state as you, so there was no diversity jurisdiction. I don't know that you could have filed an FAA action because an FAA action has got to have a federal claim underlying the action, not only that it be arbitratable. And here we are in this. So what you do is you go to federal court and you file an action asking that they have to arbitrate. Why are you not just filing an action in federal court saying dismiss the state action? Isn't that what you're doing? Because it seems to me that, frankly, if you get the arbitration in federal court, that if the arbitration doesn't go right, they'll come back to federal court and try to determine whether you can enforce the arbitration or not. So it seems to me that what you're really saying is, well, let's just dismiss this state claim in federal court. Your Honor, I don't believe it would have been appropriate whether it would have been. That's what you're doing. You went to federal court to, in effect, dismiss a state claim on state remedies and asking to go to arbitration. You're going to take the arbitration decision, if you will, and you're going to bring it to federal court to be enforced. So really what you're saying is because the state court judge would not allow me to get out of my diversity or to get some diversity jurisdiction, I'll just go to federal court and I'll file my claim, and then it'll be, in fact, a dismissal of the state action in federal court. Your Honor, with all due respect, that is a good story, but that isn't really what guided my thinking in this case. I'm trying to figure out why a federal court should, in circumstances like this, accept the jurisdiction, even though we might have it under 301, just to get them to arbitrate, when you've got all these things going in state courts, you've got every way to do it in state court. It just seems to me that what you're saying to me is that in federal court, I ought to dismiss the state court action.  The first asking why we would do it is because we have the right to. Well, I understand you have the right to. I'm trying to determine really if that's what the right you have to do. I'm really trying to understand if just because you're given a right under 301 to enforce a CBA in federal court, if they were really saying you ought to be able then, if you file the action in state court, when you can enforce it in state court, if they're really saying, the Congress is really saying, but you can ask that state court action to be dismissed simply because you can file in federal court when the only thing you want to do is have arbitration. That is correct. We could have done that. As I explained to Judge Cronstadt, I had a couple of concerns. As you know, arbitration is intended to kind of move things along. I know. And here we are. I understand that, too. But it shouldn't be ignored. And I know it's not part of the record, but we didn't just go running into court, Your Honor. We had some extensive meetings with counsel to say, hey, there is an arbitration provision here. Take a look at it. We believe that that's where this dispute needs to go. We tried to work that out. He didn't agree. Then I had to decide, what's the quickest way to do this? Do we go into state court with the congestion that they have, or do we go into federal court, which has a little more of an emphasis on moving things quickly? And that's exactly what happened. This wasn't about trying to game out the plaintiff by, oh, we didn't survive on the diversity argument. That had not even crossed my mind, Your Honor. The fact of the matter is that demur was intended to remove an individual defendant who had no business, and I still submit to this day has no business being named as a defendant. Well, it seems to me then what you're really saying is as long as you can file a 301 case in federal court, that that can stand as a substitute for the FAA in compelling employment arbitration cases when the FAA would not apply. I don't know that the question of whether the FAA applies or doesn't apply when you have an arbitration provision in a labor contract. Most labor contracts almost inherently by definition involve writings that affect commerce. So the likelihood that the FAA does apply, in my view, is probably pretty high, although the Supreme Court hasn't yet ruled on it. But I will say 301 gives concurrent jurisdiction to both the state court and federal court, and I had a choice that I could make, and that was the choice I elected to pursue. Let me ask you this. Supposing I would suggest that I have jurisdiction to decide the claim because of 301, but that I don't have a claim in front of me under arbitration. In other words, you can get me into federal court under 301, but there is no arbitration claim available in federal court. There's a failure to state a claim. I thought the claim was a breach of the CBA. That's correct, Your Honor. This claim that we brought in federal court isn't about whether or not there was a federal claim or a state claim underlying the dispute that gave rise to the filing in the state court. This was my client enforcing its contractual rights under the arbitration provisions of the labor agreement that covers this employee, a right that was established probably in 1959 with the Steelworkers Trilogy and that continued up to 1970 with the Boyce Market v. Retail Clerks, which said arbitration provisions are the coveted way of trying to resolve disputes for employees covered under a labor contract. And I think that law is firmly established, and Pyatt has made it very clear that we're going to go a step further and say that Alexander v. Gardner Denver is now going to be discounted in terms of giving plaintiffs the opportunity to insist that they can go into state court when they have claims that are clearly covered under the labor contract and where those provisions in the labor contract clearly require arbitration. Okay, we've taken you way over your time unless there are further questions. We thank you for your argument. Thank you. Do you have a minute? Thank you. The state courts are congested, but they could have made a motion. Actually, the real reason that counsel went to federal court is what he said to the judge. He said, I really have questions about whether the judges in superior court would necessarily understand the issues that we want to raise. That's what he said in front of the court when the judge asked him, why are you here? I just, yeah, arbitration is wonderful for the defense, and we all know, because we're grown, we've been around, that arbitration is very pro-corporation. It's in their interest. They get repeat business by going to arbitrators. The arbitrators, you know, rule quickly in their favor or reduce things. But I'll just, just talking about what this CAB says, the only phrase in the entire CAB which talks about choosing arbitration says that, quote, neither the union nor any aggrieved employee may file an action or complaint in court that rises under section 2.1. And that's it. Doesn't say shall. I think we have your argument. Thank you very much. Thank you. Thank you, Your Honor. And the case of NBCUniversal Media LLC v. Roger Pickett is submitted.
judges: Ikuta, N.R. Smith, Steeh